IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN D. POPOFF,<br><br>        Plaintiff,<br><br>v.<br><br>ACCENTURE, LLP,<br><br>        Defendant. | No. 02 C 9197<br><br>Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Plaintiff Brian Popoff has sued his former employer, Accenture, LLP, alleging that his employment was terminated in violation of the Age Discrimination and Employment Act ("ADEA"), 42 U.S.C. § 1621 et. seq. Defendant has moved for summary judgment pursuant to Fed. R. Civ. P. 56. For the reasons set forth below, the motion is granted.

## FACTS

Plaintiff, born on January 1, 1961, was hired by defendant, a global management and technology consulting firm, in August 1995, as a senior consultant. On September 1, 1997, he was promoted to senior manager. In 2000 and 2001 plaintiff worked as a senior manager in the Electronics & High Tech ("E&HT") Group, which provides consulting services for the electronic and high tech industries. E&HT was divided by geographical location and client group. Plaintiff worked in the E&HT East Group. Mike Cabay was the managing partner for E&HT East during this time period, and was plaintiff's ultimate supervisor.

In early January 2001 plaintiff did not make the initial "long list" of employees eligible for partnership. At that time he had just turned 40 years old. In October 2001, he was discharged

as part of a company-wide reduction in force ("RIF"). Cabay made the decision not to promote plaintiff to partner and also selected plaintiff for discharge. Cabay is six years older than plaintiff.

## **DISCUSSION**

As an initial matter, the parties spend a great deal of effort arguing about whether plaintiff's "claim" that he should have made the long list in January 2001 is actionable. It is unclear how this dispute arose, because plaintiff's complaint contains no such claim. The complaint, which contains no factual allegations, merely alleges that defendant "engaged in the acts of age discrimination complained of in Exh. A." Exhibit A is the plaintiff's charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") filed on July 31, 2002, which lists the earliest act of discrimination as occurring on October 5, 2001, the date plaintiff was discharged. Because the EEOC charge complains only of plaintiff's discharge as discriminatory, the complaint makes no claim that plaintiff's failure to make the long list was the result of intentional age discrimination.

Moreover, as defendant argues, plaintiffs are required to file a charge of discrimination with the EEOC within 300 days of the allegedly discriminatory act. See 42 U.S.C. § 2000e-5(a)(1). Plaintiff learned that he did not make the long list in January 2001, more than 300 days before he filed the EEOC charge. Therefore, even if the complaint made a claim for failure to be placed on the long list, the claim would be time-barred.

That leaves the plaintiff's claim that his termination was based on his age as the only issue in the case. Defendant has moved for summary judgment, arguing that plaintiff cannot establish a prima facie case of discrimination. Summary judgment is appropriate when there is

2

no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex v. Catrett, 477 U.S. 317, 322-23 (1986). In determining whether a genuine issue of material fact exists, the court views the record and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party. The non-moving party cannot, however, rest on the mere allegations or denials in the pleadings, but must present sufficient evidence to show the existence of each element of his case on which he bears the burden of proof. The evidence must be sufficient to allow a jury to render a verdict in his favor. Robin v. Espo Engineering Corp., 200 F.3d 1081, 1088 (7th Cir. 2000).

A plaintiff can avoid summary judgment in an employment discrimination case either by submitting enough evidence, whether direct or circumstantial, of discriminatory motivation to create a triable issue ("direct method"), or by establishing a prima facie case under the now familiar McDonnell Douglas formula ("indirect method"). Fisher v. Wayne Dalton Corp., 139 F.3d 1137, 1140 (7th Cir. 1998) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)). The direct method approach generally requires direct evidence, such as statements indicating that the decision in question was made on a discriminatory basis, e.g., "I fired you because of your age." Robin, 200 F.3d at 1088. Because employers rarely offer such smoking gun remarks indicating intentional discrimination, the Supreme Court developed the McDonnell Douglas burden shifting approach as a means to evaluate indirect evidence of discrimination at the summary judgment stage. Id. Under this approach, the plaintiff must submit sufficient evidence to establish, by a preponderance of the evidence, a prima facie case of discrimination. If successful, a presumption of intentional discrimination arises. The burden then shifts to the defendant to come forward with evidence of a legitimate and non-discriminatory reason for the

employment decision. At this point, the inference of discrimination disappears and the plaintiff must then supply evidence from which a jury could conclude that the reasons offered were pretextual for an intentional discrimination. Id. Because plaintiff has insufficient evidence (either direct or circumstantial) to establish intentional discrimination under the direct method, he has elected to attempt to defeat defendant's motion for summary judgment under the indirect method.

In an age discrimination RIF context, a claimant meets the burden of establishing a prima facie case if he demonstrates that: (1) he is a member of the protected class of 40 or older; (2) he was performing to the employer's legitimate expectations; (3) he was subject to an adverse employment action; and (4) similarly situated and substantially younger employees were treated more favorable. Fisher, 139 F.3d at 1141.

Defendant does not dispute the first three elements of the prima facie case. Plaintiff was 40 years old at the time of his discharge, had received exemplary reviews, and was discharged pursuant to the RIF. Defendant does challenge plaintiff's ability, however, to demonstrate that similarly situated substantially younger employees were treated more favorably.

In particular, defendant argues that plaintiff must show that employees substantially younger who retained their job possessed analogous attributes, experience, education, and qualifications relevant to the position. At the time of the discharge, plaintiff worked in the supply chain service line of the E&HT East Group. There were six managers in the group. Plaintiff, who was born January 1, 1961; Ashley Scott Clarey, born October 4, 1969; David Grenier, born June 5, 1968; Sanjeen Jain, born September 28, 1965; Sean Thomas Talty, born July 10, 1961; and Axel Willie, born April 9, 1963. Only plaintiff was selected for discharge in

4

the October 2001 RIF. Defendant argues that none of the "similarly situated" employees who were not discharged were "substantially younger" than plaintiff, and thus their retention does not create an inference of discrimination. In the Seventh Circuit "substantially younger means at least a ten-year age difference; any age disparity less than ten years is presumptively insubstantial." Id. at 1141. Thus, defendant argues that because Clarey, the youngest of the similarly situated employees retained, was only eight years younger than plaintiff, the age disparity is presumptively insubstantial, meaning plaintiff cannot establish a presumption of discrimination. This lack of a substantial age disparity hurts, but is not fatal, to plaintiff's case. "[I]n cases where the disparity is less [than ten years], plaintiff still may present a triable claim if [he] directs the court to evidence that [his] employer considered [his] age to be significant." Id.

In the instant case, plaintiff's theory is that at defendant an employee either made partner by age 40 or was phased out. Thus, it is not surprising that there is not a great age disparity between those that survived the RIF and plaintiff, who didn't. Under plaintiff's theory, the employees in their mid to late 30s were in position and still had a few chances to make partner before they reached 40. According to plaintiff, the handwriting was on the wall for him when he did not make the long list in January, when he had just turned 40. Therefore, the fact that Cabay chose the only manager in the supply chain group over 40 to be the one discharged fits within plaintiff's theory and, although thin, is sufficient to establish a presumption of discrimination and a prima facie case of discrimination.

That shifts the burden to defendant to articulate a legitimate non-discriminatory reason for the decision to discharge plaintiff rather than one of the other managers. Robin, 200 F.3d at 1088. It is undisputed that in 2001 defendant experienced a downturn in business and underwent

several RIFs. Cabay, as Managing Partner for the E&HT East Group, was required to make several reductions throughout 2001. It is also undisputed that the E&HT East Group was overstaffed and cuts had to be made. Cabay testified that he based his decision on eliminating positions that made the most economic and business sense. He looked at employee chargeability, overall headcount, sufficient skill coverage in the various service lines, and ensuring that his organization was sized right for the amount of business it had. Plaintiff's name appeared on the list of employees for potential discharge based on his chargeability, which was lower than it should have been at that point in his career. Cabay made a decision that the supply chain service line was overstaffed and that one manager would have to be let go. Among those managers plaintiff had the lowest chargeability.

Having articulated a legitimate non-discriminatory reason for plaintiff's termination, the burden shifts back to plaintiff to submit sufficient evidence for a jury to conclude that defendant's explanation is a pretext or lie. This is where plaintiff's case fails. To establish pretext, plaintiff points to Toshiya Akizawa, a manager under 40 who was not discharged in the RIF despite having a chargeability of only 1%. Plaintiff's chargeability was 37% at the time of his discharge. This evidence is insufficient to establish that Cabay is lying. First, Akizawa was in the solutions engineering group, not the supply chain group. Cabay testified that he first determined the need to cut from the supply chain group and then looked at the chargeability of the managers within that group. Therefore, plaintiff's chargeability was never compared to Akizawa's, and Akizawa cannot be considered "similarly situated" to plaintiff. Plaintiff has presented no evidence to challenge Cabay's determination that the cut should have come from the supply chain group. Moreover, Cabay, who was older than plaintiff, testified that he was not

aware of plaintiff's age at the time he made the decision. Plaintiff tries to dispute this, but he has no evidence to do so, other than to suggest that Cabay had to know his age because it was in his personnel file. Cabay testified without contradiction that he never saw plaintiff's personnel file.

Finally, and perhaps most telling, after learning that Cabay had put plaintiff on the initial reduction list, plaintiff's immediate supervisors, Ed Starr and Rob D'Abanzo, discussed plaintiff's situation. They talked about ways to save plaintiff's job and even discussed bringing plaintiff into their practice group. Ultimately, however, they concluded that there was nothing they could do. They did not have space in their group and were concerned about plaintiff's ability to succeed in that group. Despite being plaintiff's staunchest supporter, D'Abanzo testified that he understood Cabay's concerns with plaintiff's inability to sell and contribute. When asked what he would have done if he were in Cabay's position, D'Abanzo testified that he would have discharged plaintiff, based on plaintiff's inability to sell.

Plaintiff disagrees with Cabay's and D'Abanzo's assessment of his sales skills, and has presented some evidence to support his claim that his sales figures were skewed because he worked on a number of matters where it was clear from the start that no sale would be consummated. He has presented no evidence, however, to suggest that Cabay has been anything but truthful in his explanation of why he chose plaintiff for termination. Cabay's decision might have been misguided, but there is no evidence to suggest that it was in any way based on plaintiff's age.

Because plaintiff cannot raise a question of fact as to pretext, defendant's motion for summary judgment is granted.

## CONCLUSION

For the reasons set forth above, defendant's motion for summary judgment is granted.


ENTER:   March 21, 2005

_____
Robert W. Gettleman
United States District Judge